UNITED STATES DISTRICT COURT FOR
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DAVID ALABI,**<br><br>Plaintiff,<br><br>v.<br><br>**WINTER CAPRIOLA ZENNER, LLC,**<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br>25-CV-1208-AT-JSA |

**DEFENDANT'S REPLY TO MOTION TO DISMISS**

Winter Capriola Zenner, LLC ("Defendant"), files this Reply to its Failure to State a Claim ("Opposition"), and respectfully shows the Court as follows:

**PROCEDURAL BACKGROUND**

On March 11, 2025, Plaintiff filed a Verified Complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Georgia Fair Business Practices Act ("GFBPA"). Plaintiff asserts claims for alleged violations of 15 U.S.C. § 1692(e), including false representation of attorney involvement, misrepresentation of the debt collection process as a legal process, misrepresentation of legal authority, misrepresentation of the legal effect of failing to dispute a debt, and one claim under the Georgia Fair Business Practice Act (GFBPA).

On April 21, 2025, Defendant moved to dismiss the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Plaintiff failed to state a claim upon which relief may be granted. Defendant demonstrated that its initial communication with Plaintiff—sent on behalf of its client, a homeowners' association—complied fully with the FDCPA by employing **Model**

1

**Form B-1**, as provided in Appendix B of 12 C.F.R. § 1006.34. Use of this model form expressly provides a **safe harbor** for compliance with the statutory requirements under § 1006.34(c) and (d)(1).

On August 6, 2025, Plaintiff filed his Opposition, incorrectly contending that Defendant, as a law firm, cannot invoke safe-harbor protection under 12 C.F.R. § 1006.34 because the regulation is "explicitly limited to entities that originate or provide consumer credit." Plaintiff further argues—without authority—that Defendant improperly relies on § 1006.34 to supplant the FDCPA itself.

Defendant replies as follows:

## ARGUMENT AND CITATION TO AUTHORITY

1. **The FDCPA—and its implementing regulations—apply to attorneys regularly engaged in consumer debt collection.**

Plaintiff misstates the law. While the FDCPA indeed prohibits debt collectors from engaging in false, misleading, or abusive practices, Plaintiff ignores controlling authority from the United States Supreme Court. In *Heintz v. Jenkins,* the Court unequivocally held that the FDCPA applies to attorneys who "regularly" engage in debt collection activities, including litigation. *Heintz v. Jenkins, 514 U.S. 291, 292 (1995)*.

The Court provided two reasons why the FDCPA governs attorney conduct: (1) the FDCPA defines "debt collector" broadly to include "any person" who regularly collects debts owed to another, without excluding attorneys; and (2) Congress expressly repealed a prior exemption for attorneys in 1986. *Id. at 294*. Thus, Congress deliberately chose to subject attorneys and law firms to the FDCPA's requirements.

Winter Capriola Zenner, LLC, founded in 2011, has for over a decade regularly represented community associations, property management companies, and homeowners' associations in

2

matters involving covenant enforcement, amendment of governing documents, and, critically, the collection of delinquent assessments and related charges. Defendant routinely litigates debt-collection matters on behalf of its clients. Accordingly, under **Heintz**, Defendant falls squarely within the FDCPA's scope as a debt collector.

2. **Defendant properly relied on 12 C.F.R. § 1006.34 to demonstrate compliance with the FDCPA.**

Plaintiff next argues that Defendant misapplies 12 C.F.R. § 1006.34 to substitute for FDCPA requirements. This is a mischaracterization. Defendant does not claim that § 1006.34 supersedes the FDCPA. Rather, Defendant demonstrates that its use of **Model Form B-1**—expressly provided by the Consumer Financial Protection Bureau ("CFPB")—establishes compliance with the FDCPA.

Section 1006.34 was promulgated by the CFPB to implement the FDCPA and provide specific guidance to debt collectors. Importantly, subsection (d)(2) provides a **safe harbor** for collectors who use the CFPB's model forms, including Form B-1. Defendant's use of Form B-1 is therefore not an attempt to avoid the FDCPA, but evidence of its strict compliance with it.

Plaintiff's argument ignores that the CFPB created the model form precisely so debt collectors—including law firms—could rely on it to ensure compliance. Defendant's communication with Plaintiff followed this model to the letter, and Plaintiff cannot state a claim for a violation where the governing regulations provide safe-harbor protection.

## CONCLUSION

Defendant has demonstrated that it has fully complied with the FDCPA by employing CFPB's Model Form B-1, and that Plaintiff's allegations fail to state any actionable claim.

WHEREFORE, Defendant respectfully requests that this Court grant its Motion to Dismiss, dismiss Plaintiff's Complaint **with prejudice**, and award such other and further relief as this Court deems just and proper.

Respectfully submitted this 19th day of August 2025.

*/s/ Marvin Pastel*
**MARVIN PASTEL**
Georgia Bar No. 142088
**DARIUS J. REESE**
Georgia Bar No. 275754
*Counsel for Winter Capriola*
*And Zenner, LLC*

**WINTER CAPRIOLA ZENNER, LLC**
One Ameris Center
3490 Piedmont Road, Suite 800
Atlanta, GA 30305
404-844-5673
mpastel@wczlaw.com
dreese@wczlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that *Defendant Winter Capriola Zenner, LLC's response to Plaintiff's Opposition to Motion to Dismiss* complies with the page limit and font and point selections as set forth in Local Rule 7.1. I further certify that a copy of the foregoing has been electronically filed with the Clerk of Court using CMF/ECF system.

This 19th day of August, 2025.

                                            */s/ Marvin Pastel*
                                            **MARVIN PASTEL**
                                            Georgia Bar No. 134259
                                            **DARIUS J. REESE**
                                            Georgia Bar No. 275754
                                            *Counsel for United Wholesale*
                                            *Mortgage, LLC*

**WINTER CAPRIOLA ZENNER, LLC**
One Ameris Center
3490 Piedmont Road NW, Suite 800
Atlanta, Georgia 30305
(404) 844-5673 (phone)
mpastel@wczlaw.com
dreese@wczlaw.com